# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| DARIUS HEIMER GITTENS,<br><br>Plaintiff,<br><br>v.<br><br>WILLIE J. BONDS, et al.,<br><br>Defendants. | Civil Action No. 19-13450 (RBK) (JS)<br><br><br>**MEMORANDUM OPINION<br>& ORDER** |

This matter comes before the Court by way of Plaintiff's civil rights Complaint pursuant to 42 U.S.C. § 1983. (ECF No. 1). The Court has screened the Complaint pursuant to 28 U.S.C. § 1915A to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from suit. The Court concludes, with the following caveats, that dismissal of the entire Complaint is not warranted at this time and will allow the majority of the Complaint to proceed.

In this case, Plaintiff, a convicted and sentenced state inmate, primarily alleges that officials at two state prisons have retaliated against him for filing grievances and frustrating his due process rights. Although Plaintiff's factual allegations neatly fit a few constitutional claims and would have survived screening without further discussion, he appears, at times, to have taken a scattershot approach when alleging which actors and actions violated which constitutional amendments.

That said, liberally construing these allegations, the Court will permit Plaintiff's § 1983 claims to proceed as to his First Amendment retaliation claims, Eighth Amendment calculated

harassment claims, and Fourteenth Amendment access to courts[1] claims, as well as his corresponding claims under the New Jersey Civil Rights Act.

On the other hand, to the extent that Plaintiff alleges that Defendants' actions violated his rights to due process under the Fifth Amendment, the Court will dismiss those claims with prejudice. The Fifth Amendment's protection of due process only applies to the federal government and not to state or local governments, which are at issue here. *Nguyen v. U.S. Catholic Conf.*, 719 F.2d 52, 54–55 (3d Cir. 1983); *see also Caldwell v. Beard*, 324 F. App'x 186, 189 (3d Cir. 2009) ("the due process clause under the Fifth Amendment only protects against federal governmental action and does not limit the actions of state officials").

To the extent that Plaintiff alleges that the destruction of his property, standing alone, violates the Fourteenth Amendment, the Court will dismiss those claims with prejudice. Although inmates have a due process right to retain their property, if a state actor intentionally or negligently deprives them of such property, "that deprivation does not result in a violation of the Fourteenth Amendment so long as a meaningful post deprivation remedy for the loss is available." *Love v. New Jersey Dep't of Corr.*, No. 14-5629, 2015 WL 2226015, at *5 (D.N.J. May 12, 2015) (citing *Hudson v. Palmer*, 468 U.S. 517, 530–36 (1984)). As New Jersey has provided inmates with such a post-deprivation remedy, through the New Jersey Tort Claims Act, N.J. Stat. Ann. § 59:1-1 *et seq.*, the Court will dismiss Plaintiff's Fourteenth Amendment deprivation of property claims with prejudice. *Love*, 2015 WL 2226015, at *5.

Plaintiff also alleges that certain Defendants violated state criminal statutes, N.J. Stat. Ann. Sections 2C:30-7(a) and 2C:30-2(6), which generally involve official misconduct. Plaintiff

---

[1] This type of claim may arise when defendants allegedly "conspire to cover up constitutional violations." *Jutrowski v. Twp. of Riverdale*, 904 F.3d 280, 294–95 (3d Cir. 2018).

cannot, however, "bring criminal charges in this Court; that power lies solely with the executive branch." *E.g.*, *Telfair v. Post*, No. 18-3842, 2018 WL 3054679, at *12 (D.N.J. June 20, 2018); *see also Gittens v. Scholtz*, No. 18-2519, 2019 WL 3417091, at *11 (D.N.J. July 29, 2019).

Courts "have long held that a civil rights plaintiff may not seek relief in civil litigation in the form of an order directing the criminal prosecution of some third parties," finding that such plaintiffs lack standing or that such relief is simply unavailable in a civil suit. *E.g.*, *Gittens*, 2019 WL 3417091, at *11 (citation omitted). Accordingly, to the extent that Plaintiff seeks to prosecute criminal charges, the Court will dismiss those claims with prejudice.[2]

Finally, to the extent Plaintiff seeks monetary damages under § 1983 against all of the Defendants *in their official capacities*, the Court will dismiss those claims with prejudice, as they are immune from suit under the Eleventh Amendment. It is well-established that § 1983 does not provide for damages claims against state agencies or state officials in their official capacities. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 64, 70-71 (1989); *Betts v. New Castle Youth Dev. Ctr.*, 621 F.3d 249, 254 (3d Cir. 2010) ("Individual state employees sued in their official capacity are also entitled to Eleventh Amendment immunity because official-capacity suits generally represent only another way of pleading an action against the state." (internal quotation marks omitted)).

---

[2] If Plaintiff is attempting to assert a private cause of action for civil damages, these statutes do not appear to "give rise to a private cause of action." *See Yoder v. MacMain Law Grp., LLC*, 691 F. App'x 59, 60–61 (3d Cir. 2017) (refusing to infer a private cause of action from a "bare criminal statute"). This Court is unaware of any New Jersey state court which has found an implied private cause of action under these statutes. *See Gittens*, 2019 WL 3417091, at *11.

Accordingly, if Plaintiff contends that there is an implied cause of action under these statutes, he may pursue such claims by filing a motion to amend along with a brief in support of his claims and a proposed amended complaint. *Id.*

THEREFORE, it is on this   27th   day of January 2020,

**ORDERED** that Plaintiff's Fifth Amendment claims, Fourteenth Amendment deprivation of property claims, and criminal prosecutions claims, are DISMISSED WITH PREJUDICE; and it is further

**ORDERED** that Plaintiff's § 1983 claims against the Defendants in their official capacities are DISMISSED WITH PREJUDICE; and it is further

**ORDERED** that the remainder of Plaintiff's Complaint may PROCEED; and it is further

**ORDERED** that the Clerk shall mail to Plaintiff a transmittal letter explaining the procedure for completing United States Marshal ("Marshal") 285 Forms ("USM-285 Forms"); and it is further

**ORDERED** that once the Marshal receives the USM-285 Form(s) from Plaintiff and the Marshal so alerts the Clerk, the Clerk shall issue summons in connection with each USM-285 Form that has been submitted by Plaintiff, and the Marshal shall serve summons, the Complaint and corresponding exhibits, and this Memorandum Opinion and Order to the address specified on each USM-285 Form, with all costs of service advanced by the United States; and it is further

**ORDERED** that Defendant(s) shall file and serve a responsive pleading within the time specified by Federal Rule of Civil Procedure 12; and it is further

**ORDERED** that the Clerk of the Court shall serve Plaintiff with a copy of this Memorandum Opinion and Order via regular U.S. mail.

　　　　　　　　　　　　　　　　　　　　s/Robert B. Kugler
　　　　　　　　　　　　　　　　　　　　ROBERT B. KUGLER
　　　　　　　　　　　　　　　　　　　　United States District Judge