NOT FOR PUBLICATION

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
## CAMDEN VICINAGE

<table>
<tr><td>

DARIUS HEIMER GITTENS,

      Plaintiff,

      v.

WILLIE J. BONDS, *et al.*,

      Defendants.

</td><td>

:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:

</td><td>

Civil No. 19-13450 (RBK/JS)

**ORDER**

</td></tr>
</table>

**KUGLER**, United States District Judge:

    **THIS MATTER** coming before the Court upon Plaintiff Darius Heimer Gittens' Motion for Default Judgment (Doc. No. 17) as to Michael A. Caruso, William S. Charlton, David W. Dilks, Shaun M. Hayes, Stephen E. Hunter, Linda Linen, Todd E. Perry, and Alexander Solanik; and

    **THE COURT NOTING** that in order to obtain default judgment under Federal Rule of Civil Procedure 55(b), a plaintiff must first secure an entry of default from the Clerk of Court under Rule 55(a), *Allaham v. Naddaf*, 635 F. App'x 32, 36 (3d Cir. 2015); and

    **THE COURT NOTING** that only after the prerequisite default has been entered by the Clerk of Court may the non-defaulting party move for default judgment pursuant to Rule 55(b)(2), *see e.g.*, *Graise v. Marie,* No. 12-05232, 2013 WL 1155281 (D.N.J. Mar. 20, 2013) (denying plaintiff's motion for default judgment for failure to first secure an entry of default); and

    **THE COURT OBSERVING** that Plaintiff has not secured an entry of default from the Clerk of Court against Caruso, Charlton, Dilks, Hayes, Hunter, Linen, Perry, or Solanik; and

**THE COURT FINDING** that Plaintiff has not satisfied the requirements for obtaining a default judgment under Federal Rule of Civil Procedure 55; and therefore

**IT IS HEREBY ORDERED** that Plaintiff's Motion (Doc. No. 17) is **DENIED**.


Dated: 08/06/2020                                             /s/ Robert B. Kugler
                                                             ROBERT B. KUGLER
                                                             United States District Judge