**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| DARIUS HEIMER GITTENS,<br><br>Plaintiff,<br><br>v.<br><br>WILLIE J. BONDS, et al.,<br><br>Defendants. | Civil Action<br>No. 19-13450 (RBK) (JS)<br><br>**MEMORANDUM OPINION<br>& ORDER** |

Before the Court is Plaintiff's motion for reconsideration, (ECF No. 31), seeking reconsideration of the Court's October 5, 2020, decision, denying Plaintiff's motion for sanctions and entry of default, (ECF No. 30). Local Civil Rule 7.1(i) governs motions to reconsider interlocutory orders[1] and allows parties to seek reconsideration of what they believe are "overlooked" matters. *See In re Revel AC, Inc.*, No. 14-22654, 2015 WL 567015, at *2 (D.N.J. Feb. 10, 2015); *Carney v. Pennsauken Twp. Police Dep't*, No. 11-7366, 2013 WL 4501454, at *1 (D.N.J. Aug. 21, 2013). "The standard for reargument is high" and courts should "only sparingly" grant reconsideration. *Yarrell v. Bartkowski*, No. 10-5337, 2012 WL 1600316, at *3 (D.N.J. May 7, 2012) (citing *United States v. Jones*, 158 F.R.D. 309, 314 (D.N.J. 1994)).

To be successful on a motion for reconsideration, a party has the burden to demonstrate: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [issued its order]; or (3) the need to correct a clear error of law or fact or

---

[1] Plaintiff asserts that he seeks relief through Federal Rule of Civil Procedure 60(b), but that Rule applies only to *final* judgments and orders, not interlocutory orders. *Penn W. Assoc., Inc. v. Cohen*, 371 F.3d 118, 125 (3d Cir. 2004) (holding that "Rule 60(b) applies only to final judgments and orders" and defining a final judgment/order as "one which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment."). Orders denying the entry of default or requests for sanctions are interlocutory orders.

to prevent manifest injustice." *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999).

Plaintiff takes issue with the Court's statement that it did "not order or otherwise mandate an answer." (*Id*. at 1). He contends that the Court ordered an answer on February 4, 2020, when it "ORDERED that Defendant(s) shall file and serve a responsive pleading *within the time specified* by Federal Rule of Civil Procedure 12." (ECF No. 10, at 4 (emphasis added)). This Order merely set Defendants' time to file a responsive pleading, after which, Plaintiff may seek an entry of default. A defendant is never required to file an answer in this context. A defendant may always choose to avoid litigation and simply accept responsibility for the allegations within a complaint. Once again, if duly served defendants wish to risk an entry of default and then default judgment for failure to respond to a complaint, that is their prerogative.

Next, Plaintiff takes issue with the Court's observation that Defense counsel "submitted a certification of service, indicating that *he sent* a copy of the answer to Plaintiff." (ECF No. 30, at 2 (emphasis added)). Plaintiff emphasizes that the certification stated that counsel "will" send a copy of the answer, rather than "had sent" the answer. (ECF No. 26, at 20). The Court finds this to be a distinction without a difference. Although Defense Counsel could have been more specific, an attorney's certification that a copy "will be sent" to Plaintiff is sufficient to presume that "he sent a copy of the answer to Plaintiff." (ECF No. 30, at 2). The mere allegation that Plaintiff or the prison did not receive that copy is insufficient to rebut counsel's certification. Instances of lost mail are unfortunately common in jails and prisons. In any event, as discussed above, Defendants have not violated any order of the Court with respect to filing an answer. Accordingly, the Court did not hold Defendants in contempt for failing to serve a copy of their Answer, and Plaintiff's arguments do not change that conclusion.

2

For the foregoing reasons, the Court will deny Plaintiff's motion for reconsideration as he has failed to show: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [issued its order]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *See Max's Seafood Café*, 176 F.3d at 677.

Accordingly, it is on this  20th  day of October 2020,

**ORDERED** that Plaintiff's motion for reconsideration, (ECF No. 31), is DENIED; and it is further

**ORDERED** that the Clerk of the Court shall send a copy of this Memorandum Opinion and Order to Plaintiff by regular U.S. mail.

 **s/Robert B. Kugler**
ROBERT B. KUGLER
United States District Judge

3