IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| DARIUS HEIMER GITTENS,<br><br>    Plaintiff,<br><br>    v.<br><br>WILLIE J. BONDS, et al.,<br><br>    Defendants. | Civil Action<br>No. 19-13450 (RBK) (JS)<br><br>**MEMORANDUM OPINION<br>& ORDER** |

Before the Court is Plaintiff's second motion for reconsideration, (ECF No. 35), seeking reconsideration of the Court's October 26, 2020, decision, (ECF No. 33), denying Plaintiff's first motion for reconsideration, (ECF No. 31), which sought reconsideration of the Court's October 5, 2020, decision, denying Plaintiff's motion for sanctions and entry of default, (ECF No. 30).

Local Civil Rule 7.1(i) governs motions to reconsider interlocutory orders and allows parties to seek reconsideration of what they believe are "overlooked" matters. *See In re Revel AC, Inc.*, No. 14-22654, 2015 WL 567015, at *2 (D.N.J. Feb. 10, 2015); *Carney v. Pennsauken Twp. Police Dep't*, No. 11-7366, 2013 WL 4501454, at *1 (D.N.J. Aug. 21, 2013). "The standard for reargument is high" and courts should "only sparingly" grant reconsideration. *Yarrell v. Bartkowski*, No. 10-5337, 2012 WL 1600316, at *3 (D.N.J. May 7, 2012) (citing *United States v. Jones*, 158 F.R.D. 309, 314 (D.N.J. 1994)).

To be successful on a motion for reconsideration, a party has the burden to demonstrate: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [issued its order]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999).

The Court has reviewed Plaintiff's latest motion, which primarily expresses disagreement with the Court's earlier decisions and repeats or elaborates on previously rejected arguments. For substantially the same reasons set forth in the Court's earlier Opinions, (ECF Nos. 30, 33), the Court will deny Plaintiff's second motion for reconsideration.

Additionally, the Court observes that Plaintiff appears to be receiving legal advice in this matter from, Levi Huebner, Esq., an attorney who "is licensed only in New York." (ECF No. 29, at 6 ("Mr. Huebner has suggested that if Plaintiff is to protect his procedural and substantive due process rights…."); ECF No. 35-1., at 1–2). If Plaintiff's representations are true, it appears that Mr. Heubner is not admitted to practice in the State of New Jersey, or before this Court, and may be engaging in the unauthorized practice of law.

Accordingly, it is on this   18th   day of November 2020,

**ORDERED** that Plaintiff's second motion for reconsideration, (ECF No. 35), is DENIED; and it is further

**ORDERED** that the Clerk of the Court shall send a copy of this Memorandum Opinion and Order, by regular mail, to:

Levi Huebner, Esq.
488 Empire Boulevard, Suite 100
Brooklyn, New York, 11225

; and it is further

**ORDERED** that the Clerk of the Court shall send a copy of this Memorandum Opinion and Order to Plaintiff by regular U.S. mail.

    s/Robert B. Kugler
ROBERT B. KUGLER
United States District Judge